**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irene Bradt, | No. CV-18-02779-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Irene Bradt seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.      Background.**

On August 25, 2014, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning June 15, 2009. On September 16, 2016, she appeared with her attorney and testified at a video hearing before the ALJ. A vocational expert also testified. On October 24, 2016, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.

## II. Legal Standard.

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

Harmless error principles apply in the Social Security Act context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate non-disability determination. *Id.* The claimant usually bears the burden of showing that an error is harmful. *Id.* at 1111.

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In reviewing the ALJ's reasoning, the court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).]

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and that she has not engaged in substantial gainful activity since June 15, 2009. At step two, the ALJ found that Plaintiff has the following severe impairments: discogenic and degenerative disorder of the cervical and lumbar spine, status post cervical fusion surgery, and bilateral carpel tunnel syndrome. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the RFC to perform:

> [L]ight work as defined in 20 C.F.R. 404.1567(b) except with no climbing of ladders, ropes, or scaffolds. She is limited in all other postural activities to occasionally. She is limited to occasional pushing and pulling, occasional overhead reaching, and frequent bilateral handling and fingering.

(AR 32.)

The ALJ further found that Plaintiff is able to perform any of her past relevant work. At step five, the ALJ concluded that, [i]f a claimant is capable of performing her past relevant work, there is no need to evaluate the numbers of a particular job in the local, regional, or national economy." (AR 37.)

## IV. Analysis.

Plaintiff argues the ALJ's decision is defective for two reasons: (1) whether the ALJ erred in rejecting the opinion of Dr. Palmer, and (2) whether the ALJ erred in rejecting Plaintiff's testimony. (Doc. 12 at 1.) The Court will address both arguments below.

### A. Weighing of Medical Source Evidence.

Plaintiff argues that the ALJ improperly weighed the medical opinions of the following medical sources: Dr. Richard Palmer, Dr. Charles Fina, and Dr. Charles Combs. The Court will address the ALJ's treatment of each opinion below.

#### 1. Legal Standard.

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a

detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quotations omitted). But "[t]he ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

### 2. Richard Palmer, M.D.

Dr. Palmer's medical opinion was contradicted by the opinion of Dr. Charles Fina, M.D. and Dr. Charles Combs, M.D. Both Dr. Fina and Dr. Combs opined Plaintiff had greater abilities than those identified in Dr. Palmer's opinion. The ALJ could therefore discount Dr. Palmer's opinion for specific and legitimate reasons supported by substantial evidence. *Lester*, 81 F.3d at 830-31.

Plaintiff first came to Dr. Palmer on December 5, 2014 for a consultative examination. (AR 529.) Dr. Palmer provided a medical opinion that Plaintiff could lift 10 pounds occasionally, lift less than 10 pounds frequently, is limited to six to eight hours a day of standing/walking, and is limited to six to eight hours a day of sitting. (AR 530.) Furthermore, Plaintiff could occasionally climb ramps and stairs, crouch, crawl, and kneel, as well as never climb ropes or scaffolds. (AR 531.)

The ALJ assigned some weight to Dr. Palmer's opinion, finding that (1) the "comprehensive evidence of record, including claimant's admission of improvement since surgery," and (2) the mild findings upon examination of Plaintiff support a lesser lifting restriction of lifting and carrying 20 pounds occasionally and 10 pounds frequently.[1] (AR 34.) The limitations assessed by Dr. Palmer are inconsistent with those assessed by both of

---

[1] The ALJ includes two other reasons for discounting Dr. Palmer's opinion: the Plaintiff's daily activities and over-reliance on the Plaintiff's subjective testimony. (AR 34.) The Commissioner concedes neither of these reasons are specific nor legitimate. Thus, the Court will not consider these reasons in assessing the weight given to Dr. Palmer. *See Molina*, 674 F.3d at 1115-16 (holding that an error is harmless if inconsequential to the ultimate non-disability decision).

the state agency medical consultants. (*Compare* AR 525-33 *with* AR 545-66.) Therefore, the Court must determine whether the ALJ's reasons for rejecting Dr. Palmer's opinions are specific and legitimate reasons supported by substantial evidence. *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986).

### a. The ALJ's First Reason.

The ALJ's first reason for discounting Dr. Palmer's medical opinion is it is not supported by the "comprehensive evidence of record, including claimant's admission of improvement since surgery[.]" (AR 34.) Improvement in a medical condition can be a specific and legitimate reason for rejecting a physician's medical opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (finding that a condition initially diagnosed as non-disabling could not be disabling if the condition showed improvement). The ALJ cites multiple records from February 2012 to July 2014 reporting that Plaintiff's cervical and lumbar pain had improved. (AR 416, 422, 427, 441.) The improvement of Plaintiff's back pain resulted in Plaintiff reporting that her neck pain was the "most limiting." (AR 372.) The record indicates that treatment of the pain with medication and surgery seem to be effective in ameliorating Plaintiff's pain symptoms, although nothing in the record indicates Plaintiff's neck pain improved. (*See generally* AR 321-497.) Thus, the ALJ provided a specific and legitimate reason for discounting Dr. Palmer's medical opinion.

### b. The ALJ's Second Reason.

The ALJ also asserts that the "mild findings" upon examination by Dr. Palmer do not support the Plaintiff's limitations. (AR 33.) Inconsistency between a doctor's opinion and his own notes is a valid reason for discounting the physician's testimony. *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 692-93 (9th Cir. 2009) (rejecting medical testimony that repeatedly reported the plaintiff as "unemployable" while simultaneously acknowledging that the plaintiff continued to work).

However, the objective medical findings within the record do not undermine Dr. Palmer's treatment notes. Dr. Palmer found reduced range of motion and pain in Plaintiff's neck, back, hands, and hips, diminished sensation in the upper extremities, and equivocal

weakness in her right grip. (AR 530.) Furthermore, the normal findings the ALJ does cite do not bear any relation to Dr. Palmer's lifting limitations. (*Compare* AR 34 *with* AR 525.) The ALJ does not mention which normal or mild findings undermine Dr. Palmer's medical testimony and thus, the ALJ's second reason fails.

### 3. Crediting Non-Examining Physician.

Plaintiff argues that the ALJ committed legal error by according the opinions of the state agency physicians significant weight because they were non-examining physicians. As outlined above, however, the ALJ provided specific and legitimate reasons, drawn from the medical record, to justify the ALJ's decision to credit the opinion of Drs. Fina and Combs over the opinions of Plaintiff's examining physician. Because the opinion of Drs. Fina and Combs was supported by independent clinical findings, it constituted substantial evidence. *Thomas*, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.") (citation omitted). The Court concludes that the ALJ's decision to credit the state agency physicians' opinions was not legal error.

### B. The ALJ Did Not Err in Evaluating Plaintiff's Credibility.

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

First, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Second, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms not credible to the extent they are inconsistent with the ALJ's residual functional capacity

assessment. In other words, the ALJ found Plaintiff's statements not credible to the extent she claims she is unable to perform in a competitive work environment.

At the hearing, Plaintiff testified that she cannot work due to lumbar and cervical spine issues, as well as difficulty speaking, carpal tunnel, and shoulder issues. (AR 100-02.) She rarely drives because she cannot turn her head. (AR 96.) She testified that she cannot mop or vacuum, does not do dishes, and cannot cook because of back pain from standing up. (AR 97.) Plaintiff only gets four or five hours of sleep a night because she "can't lay on either shoulder" and she "can't lay on [her] back." (AR 98.) Plaintiff testified that her neck surgery did not provide "any type of improvement or any benefit," and in fact worsened some pre-existing symptoms and caused the onset of other symptoms. (AR 101.) Plaintiff testified of stabbing pain from raising both her arms. (AR 104.) Plaintiff believes that her pain and her headaches resulted in an inability to concentrate. (AR 106.)

Plaintiff further testified to her limitations. Plaintiff testified she can only sit for 20 minutes before needing to stand. (AR 105, 107.) Plaintiff says she can only stand for 10 minutes before needing to sit. (AR 107.) Plaintiff uses crutches regularly to relieve her back pain. (AR 108.) Plaintiff testified she frequently has trouble lifting a glass, cannot lift over her head, and can rarely hold onto cups. (AR 108-09.) Plaintiff also stated that she can occasionally lift five pounds. (AR 105.)

The ALJ gave the following reasons for finding Plaintiff's testimony not fully credible: (1) the objective medical evidence was not consistent with Plaintiff's subjective allegations (AR 33); (2) treatment notes in the record are inconsistent with Plaintiff's symptom testimony (AR 33); and (3) there is a lack of evidence supporting the alleged onset date (AR 33).

### 1. Objective Medical Evidence.

The ALJ's first reason for finding Plaintiff was not fully credible is that her subjective complaints were not consistent with the objective medical evidence. Specifically, the ALJ points to the improved cervical pain, no acute distress, Plaintiff stopping "all medications," and "full 5/5 motor strength" as evidence to Plaintiff's non-

disability. (AR 33-34.) An ALJ may reject symptom testimony that does not align with the objective evidence in the medical record. *Bray v. Comm'r of Soc. Sec.* 554 F.3d 1219, 1227 (9th Cir. 2007); *see also* 20 C.F.R. § 404.1529. If there is no evidence of malingering, the ALJ cannot reject the testimony about the severity of the symptoms unless there is a finding of specific, clear, and convincing reasons for doing so. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's testimony. In addressing Plaintiff's testimony that she suffers from disabling, constant lumbar and cervical pain, the ALJ cited to objective evidence in the record, which contradicts Plaintiff's statements, including x-rays revealing only mild degenerative changes of the L4-L5 disc space and no acute findings of the cervical spine. (AR 33, 522-23.) Similarly, the ALJ found that the December 31, 2014 EMG/NCV studies showed findings within normal limits for Plaintiff's back, while July 30, 2012 EMG/NCV indicated chronic right C5-6 radiculopathy. (AR 34, 540-41.) While the ALJ improperly cites full motor strength and a stopping of "all medications," Plaintiff does not provide an answer for the discrepancies in her lumbar and cervical pain testimony. (*See* Doc. 14, at 6-8.) Furthermore, the ALJ properly considered the lack of objective medical evidence as "a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins*, 261 F.3d at 857.

Accordingly, the Court finds the ALJ's first reason for discounting Plaintiff's symptom testimony to be clear and convincing and supported by substantial evidence.

### 2. Treatment Record.

The ALJ's second reason for discounting Plaintiff's pain testimony is that it is inconsistent with the treatment record. Specifically, the ALJ states that "in March 2014, about five months after [undergoing cervical fusion surgery], the claimant reported her pain as improved and admitted ability to function better and perform activities of daily living." (AR 33 (citing AR 333-446).)

An ALJ may rely on treatment notes indicating a condition responded well to

treatment. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (finding that the claimant's own testimony that his depression responded well to treatment constituted substantial evidence when considered with the notes of his treating physician).

Here, several treatment notes in the record that directly contradict Plaintiff's testimony at the hearing that her neck surgery did not provide "any type of improvement or benefit." (AR 101). In those notes, taken on multiple occasions over the course of months, Plaintiff reports that "her cervical pain is improve after surgery" and that despite her "chief complaint" of lumbar pain, Plaintiff "is able to function better and perform ADLs [Activities of Daily Living]." (*See, e.g.*, AR 416 (July 2014), 422 (July 2014), 427 (June 2014), 433 (May 2014).) These treatment notes directly contradicting Plaintiff's testimony constitute substantial evidence in support of the ALJ's second reason for discounting that testimony. *See Crane*, 76 F.3d at 254.

Accordingly, the Court finds the ALJ's second reason for discounting Plaintiff's symptom testimony to be clear and convincing and supported by substantial evidence.

### 3. Lack of Evidence Supporting Alleged Onset Date.

The ALJ's final reason for discounting Plaintiff's testimony is that Plaintiff's alleged disability onset date is unsupported by the evidence. Although Plaintiff alleges an onset date of June 15, 2009, the ALJ found that the record contains "no medical evidence of any kind until December." (AR 33.) In an unexplained omission, the ALJ does not identify what year she is referring to when she states "until December." (*Id.*) In her brief, Plaintiff assumes the ALJ means December 2009. (Doc. 12 at 18 ("The ALJ states that [Plaintiff's] medical records start six months after her onset date.").) But that timetable does not appear accurate.

A thorough review of the record reveals no medical evidence dated between Plaintiff's alleged onset date of June 15, 2009, and Plaintiff's lumbar MRI taken in December 2011. The earliest treatment note in the administrative record was not written until February 23, 2012. (AR 368-73.) In that treatment note, an MRI of Plaintiff's lumbar spine from December 2011 is referenced. (AR 369.) Indeed, in Plaintiff's own medical

summary, the first medical entry since 2002 is that December 2011 MRI. (Doc. 12 at 2.)

The Court finds it reasonable to infer that the ALJ's criticism – that "though claimant alleges disability as of June 15, 2009, there is no medical evidence of any kind until December" – references December 2011, not December 2009. And the fact that no evidence exists supporting Plaintiff's alleged disability until more two years after her alleged onset date constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's alleged onset date is not consistent with the medical evidence. *See Molina*, 674 F.3d at 1113-14 (9th Cir. 2012) (finding that an ALJ may properly rely on unexplained or inadequately-explained failure to seek treatment, absent medical evidence that the failure to seek treatment was attributable to the claimant's mental impairment, rather than her personal preference).

Accordingly, the Court finds the ALJ's third reason for discounting Plaintiff's symptom testimony to be clear and convincing and supported by substantial evidence.

**V. Conclusion.**

In sum, the ALJ provided a specific and legitimate reason for discounting the examining physician's testimony over the state agency reviewing physicians' opinions, as well as several clear and convincing reasons supported by substantial evidence for discrediting Plaintiff's testimony, and the ALJ's decision is free of harmful error. *See Molina*, 674 F.3d at 1115 ("several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record").

Accordingly, the Court affirms the ALJ's opinion.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **affirmed**. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 24th day of February, 2020.

Honorable John Z. Boyle
United States Magistrate Judge